[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14722
_____

D. C. Docket No. 3:08-cr-00079-MCR-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR RAMIREZ MERINO,

Defendant-Appellant.


_____

No. 10-14729
_____

D. C. Docket No. 3:08-cr-00079-MCR-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


EUGENE JOSEPH CASTERNOVIA,
a.k.a. Gino,

Defendant-Appellant.

_____

No. 10-15253
_____

D. C. Docket No. 3:08-cr-00079-MCR-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK STEVEN HIRMER,

Defendant-Appellant.

_____

No. 10-15285
_____

D. C. Docket No. 3:08-cr-00079-MCR-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUDIA CONSTANCE HIRMER,

Defendant-Appellant.

2

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(November 13, 2013)

Before HULL and ANDERSON, Circuit Judges, and MOTZ,* District Judge.


PER CURIAM:

This case involves an appeal of their convictions and sentences in connection with a tax and wire fraud conspiracy by four Appellants: Claudia Hirmer, Mark Hirmer, Arthur Ramirez Merino, and Eugene Joseph Casternovia.  After careful consideration of the briefs and relevant parts of the record, and with the benefit of oral argument, we conclude that the judgment of the district court should be affirmed.  We address the several arguments of the Appellants in turn.

_____

*Honorable J. Frederick Motz, United States District Judge for the District of Maryland, sitting by designation.

3

Defendants Claudia Hirmer, Casternovia and Merino[1] challenge the sufficiency of the evidence to convict each of them on Count One, the dual object conspiracy to impede the government's knowledge and collection of taxes and to defraud PQI customers.  We summarily reject the challenges by Claudia Hirmer and Casternovia to sufficiency of the evidence to convict them on Count I.  The evidence is overwhelming with respect to each.  We also reject Merino's sufficiency challenge.[2]  There was sufficient evidence from which the jury could conclude that he entered into an agreement with the principles of PQI whose salesmen marketed his products.  The jury could find that one of Merino's products (Corporation Sole) was intended to conceal assets and income from the IRS.  Even if no such product was actually sold, the jury could properly find he and his co-conspirators conspired to market and sell same.  And the jury could properly find that he and his co-conspirators conspired to commit wire fraud by defrauding the customers of his debt elimination program.[3]

---

[1]    In his initial brief on appeal, Mark Hirmer purported to adopt these sufficiency challenges by the other three Appellants.  Because such challenges are necessarily individualized, such adoption cannot preserve the issue for our review.  Moreover, in any event, the record reveals ample evidence to support the verdict with respect to Mark Hirmer.

[2]    We do not believe Merino fairly presented a multiple conspiracy argument in his initial brief on appeal.

[3]    These three Defendants argue that the evidence is similar to that in United States v. Adkinson, 158 F.3d 1147 (11th Cir. 1998).  We disagree.  The sparse evidence there consisted only of evidence that each of four defendants who received proceeds from a fraudulent bank loan failed to properly report same on their separate tax returns and that the related entity through which the payments were funneled failed to report same to the IRS as taxable income.  We held:

With respect to defendant Mark Hirmer's argument that he received ineffective assistance of counsel because of his trial attorney's joint representation of him and his co-defendant wife, Claudia, we cannot conclude that the district court abused its broad discretion. The district court gave fully adequate warnings and advice pursuant to United States v. Garcia, 577 F.2d 272 (5th Cir. 1975),[4] and found that Mark Hirmer made a knowing, voluntary, and intelligent waiver of his right to conflict-free counsel. Mr. Hirmer made the waiver both orally and in writing. In addition to the Garcia warnings and advice, the court even asked Mr. Hirmer if he wanted a court-appointed lawyer to discuss the conflict issue with and Mr. Hirmer declined. We cannot conclude that the district court abused its discretion in accepting the waiver.

With respect to the argument by Claudia and Mark Hirmer that the district court erred in permitting the jury to treat the gross receipts from the wire fraud as

> A conspiracy to conceal the source of illegally obtained money is not automatically a Klein conspiracy, even if it collaterally impedes the IRS in the collection of taxes. Unless concealment is explainable only in terms of a motivation to impede the IRS, no tax conspiracy may be inferred from that act alone.

158 F.3d at 1159 (citations omitted). By contrast, there is strong evidence here that each of these defendants knowingly joined a conspiracy to promote and market tax evasion schemes to third parties. In stark contrast to the evidence in Adkinson, there is strong evidence here of a tax evasion conspiracy – i.e., to market to taxpayers products that would help those taxpayers to evade their taxes.

[4]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the "proceeds" of unlawful activity which were the subject of their money laundering convictions in Count Two, we conclude that this argument is foreclosed by our decisions in United States v. Tobin, 676 F.3d 1264 (11th Cir. 2012), United States v. Hill, 643 F.3d 807 (11th Cir. 2011), United States v. Jennings, 599 F.3d 1241 (11th Cir. 2010), and United States v. Demarest , 570 F.3d 1232 (11th Cir. 2009).

We reject summarily the sufficiency challenges by the Hirmers and Casternovia to their money laundering conspiracy convictions. There was ample evidence to support each conviction. Mark Hirmer also argues for the first time on appeal that his money laundering indictment was deficient, and that there was insufficient evidence thereof, because emails are not wire transmissions for purposes of wire fraud. We review pursuant to the plain error analysis; and error, if any, is not plain or obvious because no court has interpreted the law as Mark Hirmer urges. Moreover, traditional wire transmissions of cash were both alleged and amply proved.

We also reject the sufficiency challenge by both Hirmers to their tax evasion convictions in Count Three. The evidence was overwhelming.

All four Appellants argue that the district court erred in admitting evidence of prosecutions of persons connected to Global Prosperity. The evidence was admitted not to show propensity or guilt by association but to prove that the

6

Defendants had knowledge that the similar products sold by the Global defendants were fraudulent.   The district court gave limiting instructions in language that was approved by the Defendants.  Each Defendant remained entirely free to argue to the jury that he had not been aware of those arrests, prosecutions, and convictions.  We agree with the district court that, under the facts of this case, the evidence was highly probative.  The primary defense was that Defendants did not believe their schemes violated legitimate laws; to the extent the jury found that the instant Defendants' schemes were similar to those employed by the Global defendants, it was highly probative for the jury to hear that federal courts had found that the similar Global schemes were fraudulent and that the Defendants were aware of that. We agree with the district court that the highly probative evidence outweighed the prejudice.  Admission of the evidence certainly was not plain error.

Only the Hirmers mount any challenge to their sentences.  We cannot conclude there was clear error in the district court's loss calculation.  The Sentencing Guidelines provide for a measurement of loss in a fraudulent services case as "the amount paid for the property, services or goods transferred."  U.S.S.G. § 2B1.1, comment. (n.3(F)(v)).  Thus, the court properly considered the amounts paid to PQI.  Similarly, we cannot conclude that the district court erred in finding at least 250 victims.  At the very least, the purchasers of Merino's debt elimination product were all victims and the Government proved that there were at least 360 of

7

them.  Thus, there is no error.

Finally, Claudia Hirmer's challenge to her enhancement for obstruction of justice is wholly without merit.

For the foregoing reasons,[5] the judgment of the district court is

AFFIRMED.

---

[5]    Other arguments not addressed in this opinion are rejected without need for further discussion.

8